PROBASCO et al. v. THE TOWN OF MOUNDSVILLE.

Decided November 1, 1877.

1877.
Special Term.

1. Municipal charters are not contracts, but are granted for public purposes, and amended or repealed at the discretion of the Legislature.

2. The principle is well settled, that the power of exemption, as well as the power of taxation, is an essential element of sovereignty, and can only be surrendered or diminished in plain and explicit terms.

3. Where exemptions are found in tax laws, they are usually nothing more than directions to the tax officers, and not undertakings or contracts with anybody.

4. The exemption in the amended charter of Moundsville cannot be considered as a contract, and was not such a vested right in the plaintiffs as would prevent the Legislature from repealing it.

5. The 1st section of chapter 47 of the Code, which went into effect April 1, 1869, declares that so far as that chapter conferred "*powers* on a town or village council, not conferred by the charter of any such town or village, the same shall be deemed an amendment to said charter." And the same section declares: "The council of a town or village heretofore established may exercise *all the powers* conferred by this chapter, although the same may not be conferred by their charter." HELD:

   I. That so far as said chapter 47 of the Code gives additional powers to the council of towns or villages, those powers may be exercised by the common council of the town of Moundsville, although not conferred by its charter.

   II. That sections 30, 31, and 41 of said chapter 47, and sections 101 and 103 chapter 54 Acts 1875, confer additional powers, which may be exercised by the common council of said town of Moundsville.

III. That as the said 47th chapter and the said act of 1875, authorized such council to levy taxes upon *all real and personal* estate within the town or village subject to State and county taxes, the said common council did not violate the charter of said town, but had full authority to make the levy they did.

IV. That the *supersedeas* to said levy was properly quashed.

*Supersedeas* to a judgment of the circuit court of Marshall county, rendered on the 4th day of November 1876, allowed upon the petition of John W. Probasco and others, who had obtained a writ of *supersedeas* to a levy for taxes upon their property in the town of Moundsville, and which writ was, by said judgment, quashed, with costs against the petitioners.

Hon. T. Melvin, Judge of the first judicial circuit, rendered the judgment below.

The facts sufficiently appear in the opinion of the Court.

*R. C. Holliday,* for plaintiff in error, referred to the following authorities:

Cons. W. Va. 1863, art. 8 §1 ; Cons. W. Va. 1872, art. 10 §1; Cooley Cons. Lim. 515 ; *Gilkeson* v. *The Frederick justices,* 13 Gratt. 577 ; *Douglass & McKinney* v. *Town of Harrisville,* 9 W. Va. 162 ; Cons. W. 1872, art. 10 §9 ; *Surrill* v. *The City of Philadelphia,* 38 Pa. St. 355 ; *Jollett* v. *City of Hartford,* 31 Conn. 351 ; *Henderson* v. *Lambert,* 8 Bush. (Ky.) 607 ; *Benoist* v. *City of St. Louis,* 19 Mo. 179 ; *Leigh* v. *Thomas,* 49 Mo. 112 ; Samuels, Judge, in *City of Richmond* v. *Daniels,* 14 Gratt. 387 ; Anderson, Judge, in *Ould & Carrington* v. *City of Richmond,* 23 Gratt. 467 ; Cooley Cons. Lim. 192 ; Code 1860, ch. 54 ; Code W. Va. ch. 47 ; Charter of Moundsville, 1866 ; 20 Gratt. 34, 94 ; 6 W. Va. 574 ; 13 Gratt. 86 ; 14 Gratt. 387, 425 ; 25 Gratt. 9 ; 8 W. Va. 613, 703 ; *City of Richmond* v. *Richmond and Danville R. R. Co.,* 21 Gratt. 604, particularly Staples, Judge, on pp. 607, 613 ; 4 Pet. 11, 546 ; 10 How. 376, 416 ; 3 W. Va. 325.

*J. Dallas Ewing,* for appellee:

It has been held that such acts as those, under which the plaintiffs claim exemption, are not contracts, and that they may be repealed. *East Saginaw Manufacturing Co.* v. *East Saginaw,* 19 Mich, 259; *Lord* v. *Litchfield,* 36 Conn. 116; *Lord* v. *Town of Litchfield,* 4 American, 41. Abbot's Digest of Cor. page 484, §§16, 17, 18, 19.

We insist that the acts, or parts of acts, by which the plaintiffs claim exemption, are repealed, and that if they are not expressly repealed, they are repugnant to the Constitution and tax laws of this State, and are illegal and void; either the town must tax all property or it can tax none. *Beals* v. *Hale,* 4 How. 37; *Ward* v. *United States,* 16 Pet. 342; *Davis* v. *Fairbairn,* 3 How. 636.

No tax, either for state, county or corporation purposes, can be levied without express authority: *Zanesville* v. *Richards,* 5 Ohio, St. 589; *Knoulton* v. *Supervisors,* 9 Wis. 410; *People* v. *McCluny,* 34 Cal. 432; *Beals* v. *Amador County,* 32 Cal. 624.

Nor is the claim of a bargain with the town set up in the petition tenable, the powers conferred upon municipal corporations are for public purposes, and as their legislative powers can not be delegated, so they cannot bargain and barter away the right of the inhabitants to uniform taxation, and thus throw the burden of government on a portion of the property and people. *Dillon on Municipal Corporations,* §61, 1st ed. page 110.

Reference is also made to Code 1868, ch. 47 §§1, 30, 31, 41; Cons. 1863, art. 8 §1; Cons. 1872, art. 10 §9; Acts 1875, ch. 54, §101.

MOORE, JUDGE, delivered the opinion of the Court:

By virtue of the 77th chapter, Acts 1875, Probasco and others filed their petition, praying the circuit court of Marshall county to supercede a levy for certain taxes

made by the common council of the town of Moundsville August 21, 1876 on certain property of said petitioners, located within the corporate limits of said town. On the 29th day of August 1876 the judge of said circuit court awarded a *supersedeas* as prayed for, so far as the levy complained of affects land mentioned and described in section 6 of the act, passed by the Legislature of West Virginia on February 26, 1866, consolidating the towns of Moundsville and Elizabethtown. On the 4th day of November 1876 upon the motion of the defendant to quash the *supersedeas*, as having been improvidently granted, the court, "having fully considered the matter of law arising upon the issue joined," ordered that the *supersedeas* be quashed, and gave costs against the petitioners; to which judgment the petitioners excepted, and obtained a *supersedeas* thereto from one of the judges of this Court.

The petitioners substantially allege in their petition, that they are tax-payers residing within the limits of the town of Moundsville, and owners of real estate, &c., therein, and that they are grieved by an unlawful and erroneous levy of taxes on their property by the said town; "that the lands are now, and heretofore always have been, used for agricultural purposes, and that the same is not now, and never was, laid off into lots, streets and alleys, or converted in any manner into *urban* property;" that the said towns existed for many years as separate corporations, but are now consolidated. They claim that their property is exempt from *town taxes*, by virtue of an act of the General Assembly of Virginia, passed February 18, 1853, extending the corporate limits of the town of Moundsville, because the fifth section thereof exempted from town taxes such lands "not yet laid off into lots, streets and alleys," "so long as they remain in their present state; and when they shall have been so laid off by the proprietors thereof, respectively, no lots remaining unsold in the hands of such proprietors shall be subject to taxation by the corporation, unless improve ·

ments of the assessed value of $200.00 are erected there-on;" and also by virtue of the amended charter of Elizabethtown, passed by the said General Assembly May 29, 1852 extending the limits thereof, because the sixth section provided that, " said addition shall not be taxed as town property, until laid off into lots, streets and alleys, and sold as such by the proprietors thereof, or improved by being enclosed and built upon;" and also by the act of the Legislature of West Virginia of February 23, 1866 (chapter sixty, consolidating the two towns), section six, where it was provided that, "the lands lying within the corporate limits, not yet laid off into lots, streets and alleys, shall not be subject to town taxes, so long as they remain in their present state; but when they shall have been so laid off by the proprietors thereof, respectively, no lots remaining unsold in the hands of such proprietors shall be subject to taxation by the corporation until assessed, unless improvements of the assessed value of $100.00 shall have been erected thereon;" that said last-mentioned act is now the organic law of said corporation, &c.; that all of said extensions were made with the express understanding and agreement between said Moundsville and the land-owners within the new and extended corporate limits of said Moundsville, that the new territory thus embraced within said limits "was not to be subject to taxation for municipal purposes, until it was laid off into lots, streets and alleys, and the lots were either sold or built upon," &c.; and if not for that agreement, they would not have consented to have been included within the corporate limits and that the town had always before acted upon these chartered exemptions.

The question therefore for our consideration is: Was the levy, made August 21, 1876 by the common council of the town of Moundsville on said lands legal? In other words the question involved is the right to tax the said property under the law existing August 21, 1876.

" Municipal charters are not contracts, but are grant-

64

ed for public purposes, and amended or repealed at the discretion of the Legislature." Cooley on Taxation, 56, and note 2; *City of Richmond* v. *R. & D. R. R.*, 21 Gratt. 604.

"Every municipal corporation, and every political division of the State, which demands taxes from the people, must be able to show due authority from the State to make the demand. The authority in some cases is conferred by the State Constitution; but if not found there, it must be given by Legislative enactment. No person is compellable to pay taxes, for imposing which the authorities are unable to show a legislative grant of power." Cooley's Law of Taxation, 474. Towns are corporations of limited powers, and cannot tax except for the very purpose allowed by law, and in the manner, and under the conditions prescribed by law. *Id.* pages 253, 254.

In the case of *City of Richmond* v. *R. & D. R. R. Co.*, 21 Gratt. 604, it was held that the power of exemption, as well as the power of taxation, is an essential element of sovereignty; and can only be surrendered for diminished in plain and explicit terms. In that case it was decided, that the exemption from taxation of the real estate of the R. & D. R. R. Co. in the city of Richmond was not unconstitutional, as being in conflict with the charter of the city, previously granted, giving the city the power to tax real estate &c.

In the case of the *City of Henderson* v. *Lambert*, 8 Bush. 608, it appears, that the Legislature of Kentucky passed an act February 11, 1867 extending the corporate limits of the city of Henderson, and expressly exempted one hundred and two acres of farming land owned by Lambert from assessment and taxation by the city council; and by an act passed March 9, 1867 the Legislature authorized certain cities, towns and counties to aid in building a certain railroad, and declared, that for that purpose the mayor or council of such city should be authorized to levy a tax upon the tax payers thereof,

sufficient to pay the interest on the bonds &c. The court held that, the two acts having passed at the same session of the Legislature, so far as they related directly to the subject of taxation in the city of Henderson, they must be construed as one entire act, and that to make a latter provision repeal a former, there must be an express declaration of that intention, or an absolute inconsistency between them. The court therefore held that the said lands were exempt from taxation for the payment of subscriptions to said railroad. But the court further held, that under the act of March 15, 1869 said lands were liable to taxation, by the common council, for school purposes, the tax itself being a special common school tax, and not a municipal assessment. That act empowered the common council to " cause an annual tax to be levied and collected upon the same property in the said city, as is taxed by the State for common school purposes." In the cause of *East Saginaw Manufacturing Company* v. *East Saginaw*, 19 Mich. 259, where the powers of exemption from taxation and the right to amend and repeal by the Legislature is fully sustained upon authority, Judge Cooley in delivering the opinion of the court, pp. 273-4, said : "It has been too often remarked by the courts to render it important for us to enlarge upon it here that the power of taxation is one of the essential powers of sovereignty, which the State must exercise again and again, as often as its needs or its interests may require, and one that cannot in the least be crippled or abridged, without to that extent crippling the state, impairing its vitality, and in some degree endangering its existence. It is upon this ground that it has been so often and o earnestly denied by learned and able jurists, that it is within the grant of authority to any legislative body, chosen as the representatives of the people, to enter into any contract, by which they bargain away any portion of the power to levy taxes for the needs of government. For the representatives of the people do not receive the powers of government for any purposes of sale or grant;

but they take them in trust for a brief period, to be employed for the general welfare, within such limits as the people may have prescribed, and under obligations to transmit them unimpaired to their successors." In that case it appears the Legislature, to encourage companies and corporations in the manufacturing of salt, by an act of February 15, 1859 exempted "*from taxation for any purpose*" [all property, real and personal, used for the purpose "of boring for and manufacturing salt" in the State of Michigan. The act was amended March 15, 1861, the first section limiting its benefits to those actually engaged in such manufacture prior to August 1, 1861, and the second section limiting the exemption from taxation to five years from the organization of the company or corporation. The plaintiff claimed that its right to exception was a vested right, which it is not competent for the Legislature to take away without complainant's assent. The court held the first act not a contract, and that it might be repealed at any time. In the same opinion, at page 290, Judge Cooley said: "There is nothing to prevent a state from discontinuing at any time such exemptions, as are not agreed upon, but merely gratuitous benefits not offered on any consideration. Where exemptions are found in tax laws; they are usually nothing more than directions to the tax officers, and not undertakings with anybody. The distinction was referred to in the *Ohio Bank Tax Cases*, and has been often recognized. In the case of *Christ Church* v. *The County of Philadelphia*, 24 How. 300, the right of the Legislature to make permanent exemptions from taxation is expressly stated not to have been disputed; but the whole argument of court and counsel rested on the want of consideration, and the intent to make a spontaneous concession, without any corresponding service. The statute in its preamble referred entirely to past charities and losses, as the occasion of its passage.

From the foregoing authorities, and others, some of which were cited in argument, I am led to believe that

the exemption, stated in the case now before us, cannot be considered as a contract; and that the exemption was not such a vested right in the plaintiffs as would prevent the Legislature from repealing it. The question then recurs: Has the Legislature repealed that exemption?

It is argued that as the Code of 1868, which went into effect April 1, 1869, by chap. 47, §1, provides that: "The towns and villages, heretofore established in this State, remain subject to the law now in force applicable thereto respectively; and the provisions, hereinafter contained in this chapter, shall be deemed applicable only to towns and villages hereafter established, except that the council of a town or village heretofore established may exercise all the powers, conferred by this chapter, although the same may not be conferred by their charter; and so far as this chapter confers powers on a town or village council, not conferred by the charter of any such town or village, the same shall be deemed an amendment to said charter;" that therefore the 30th and 31st sections of said chapter must be construed to be an amendment to the charter of the town of Moundsville and that being so, the aforesaid exemption is thereby repealed. Section 30 of said chapter declares: "The council shall cause to be annually made up and entered upon its journal an accurate estimate of all sums, which are, or may become lawfully chargeable on such town or village, and which ought to be paid within one year; and it shall order a levy of so much, as may, in its opinion, be necessary to pay the same." Section 31 declares: "The levy so ordered shall be upon all dogs in the said town or village, and upon all the real and personal estate therein, subject to state and county taxes; provided that the taxes so levied upon property shall not exceed one dollar on every one hundred dollars of the value thereof."

Chapter 54 §101 provides, that taxes for town purposes "shall be levied only upon the values of property

ascertained for State purposes;" and section 103 of the same act declares: "All acts and parts of acts inconsistent with this act are hereby repealed."

It seems to me plain, that those statutory provisions confer additional powers, which may be exercised by the common council of the town of Moundsville; and as they authorized the councils of such towns and villages to levy taxes upon all *real* and *personal* estate within the town or village, subject to state and county taxes, I think the common council of Moundsville did not violate its charter, but had full authority to make the levy they did; and that the supersedeas to said levy was properly quashed.

The judgment of the circuit court should be affirmed with costs and damages.

JUDGMENT AFFIRMED.