# CHARLESTON.

STATE *ex rel.* G. E. CLARK *v.* J. E. FITZPATRICK, MAYOR, *et al.*
STATE *ex rel.* O. H. MEADOR *v.* J. E. FITZPATRICK, MAYOR, *et al.*
STATE *ex rel.* F. H. SHUMATE *v.* J. E. FITZPATRICK, MAYOR, *et al.*
STATE *ex rel.* M. D. McMAHON, *v.* J. E. FITZPATRICK, MAYOR, *et al.*

Submitted January 21, 1920.   Decided January 27, 1920.

1.  ELECTIONS—*Canvassing Board Cannot Refuse Certificates of Election or Try Title to Office.*

     A municipal council, sitting as a canvassing board to canvass the returns of a municipal election, has no authority or jurisdiction to withhold or refuse to issue to the several candidates voted for at such election certificates setting forth according to the truth as shown by such canvass the number of votes received by them, or with or without notice, to try their right or title to the offices to which on the face of the returns such candiates appear to have been elected. (p. 449).

2.  MANDAMUS—*Canvassing Board May Be Compelled to Issue Certificates to Candidates Showing Votes Received.*

     When the members of such canvassing board, or a majority thereof, after canvassing the returns of such election and ascertaining the result thereof, neglect and refuse to issue and transmit to the candidates so voted for certificates showing the number of votes received by each, they may by mandamus be required to reconvene and discharge in respect thereto the duties imposed upon them by law. (p. 450).

Four mandamus proceedings by the State, on relation of G. E. Clark, O. H. Meador, F. H. Shumate. and M. D. McMahon, against J. E. Fitzpatrick, Mayor, and others.

*Peremptory writs granted.*

· *Dillon & Nuckolls,* for relators.

*W. R. Bennett* and *J. M. Ellis,* for respondents.

MILLER, JUDGE:

At a regular municipal election of the town of Scarbro, in Fayette County, held January 1, 1920, the relators Clark and Meador were candidates on the Citizens Party Ticket for the offices of mayor and recorder, respectively, and the relators Shumate and McMahon, along with W. C. Thompson and O. W. Dickson and W. J. Scott, were candidates on the same ticket for the office of councilmen.

At the same election respondents Fitzpatrick and Poteet were candidates on the Citizens Labor Ticket for the offices of mayor and recorder, respectively, and with them on the same ticket respondents T. T. Lewis and Dave Kearnes, with H. C. Darlington. Thomas Sunday and Oat McCormick were candidates for the office of councilmen.

When the mayor, recorder and council, consisting of respondents J. E. Fitzpatrick, Mayor, H. J Smith, Recorder, and T. T. Lewis, G. A. Poteet, Thomas Garrett and Dave Kearnes, met as a canvassing board on January 7, 1920, as required by law, to canvass the returns of said election, it was ascertained and recorded on the minutes that on the Citizens Party Ticket the relators Clark for the office of mayor received 139 votes, Meador for recorder received 134 votes, and that the said Thompson, Scott and McMahon for councilmen each received 134 votes, and Dickson and Shumate each received 135 votes; and that on the Citizens Labor Ticket, the result was, Fitzpatrick for mayor 112 votes, Poteet for recorder 111 votes, and that for councilmen Lewis and McCormick each received 112 votes, Darlington and Kearnes each 110 votes, and Sunday 111 votes.

The alternative writs and the returns of the several respondents thereto, with the exhibits and affidavits filed, show that after having ascertained and recorded the result of said election,

on motion of respondent Poteet, seconded by Lewis, an adjournment of the board was taken until the next day, Thursday, January 8, the purpose being, according to the language of the resolution, "to finish the canvassing and rendering of necessary certificates."

When the board of canvassers met pursuant to said adjournment, there were present, Fitzpatrick, Mayor, Smith, Recorder, and Lewis, Garrett and Poteet, Councilmen, Kearnes being absent. At this meeting the only business transacted was, on the motion of said Poteet, seconded by Lewis, to order that election certificates be not issued to relators Clark, Meador, McMahon and Shumate, and the said Scott, on the ground, as the resolution declares, that they were ineligible under the statute to hold office. This motion was carried by the affirmative votes only of said Poteet, Lewis and Garrett.

The joint returns of Fitzpatrick and Kearnes, as do the joint returns of respondents Lewis, Poteet and Garrett, admit the result of said election as averred in the alternative writs, and respondents all aver that after the board had so canvassed and recorded the result of said election on January 7, 1920, one W. A. Wingrove, claiming to be a citizen and taxpayer of said town of Scarbro, appeared and filed a protest in writing against the issuing of certificates of election to said Clark, Meador, McMahon and Shumate, on the ground stated therein that they had not been assessed with nor paid taxes on one hundred dollars worth of property in said town as required by law; and also against the issuance of a certificate to said Scott on the ground that he was not a resident of said town.

The minutes of the board make no mention of this protest, and relators all admit that Clark was not present at either of said meetings; but respondents Poteet, Lewis and Garrett say that he has never since then denied the charge as to his alleged ineligibility nor demanded a certificate. Fitzpatrick and Kearnes aver in their return that they never voted against nor refused to issue certificates to the relators; that when the action of said board was taken not to issue certificates, Kearnes was absent, and Fitzpatrick, Mayor, who was presiding, did not vote. They further say that there was no reason why they should have been made parties to these proceedings, and that the same should be

dismissed as to them; and that the peremptory writs prayed for should be awarded, and move the court accordingly to dismiss the suits as to them.

But by their demurrers to the petitions and their returns to the writs, the other respondents undertake to defend their action in denying certificates to relators, upon the ground that petitioners do not show themselves qualified to hold said offices, and upon the ground set forth in the protest of said Wingrove, namely, want of property qualifications and omission to pay taxes for the year preceding said election; and that being so disqualified and ineligible to hold the offices to which they were admittedly elected, they would be disqualified when awarded such certificates and inducted into office to sit in judgment on their cases on the question of their qualifications and eligibility; and that it was the duty of respondents and their associates in the council, under the law, to continue in office until others eligible and qualified should be elected and qualified as their successors.

The action of respondents in denying to relators the certificates demanded, was done as a canvassing board; they do not defend it as the action of the common council, regularly called or sitting as such to judge of the election and qualification of its members. What is sought to be enforced by the present writs is the plain ministerial duty imposed upon the members of the council, sitting as a board of canvassers, by sections 85, 69 and 70 of chapter 3 of the Code, 1918, namely, that after canvassing the returns of an election and issuing the certificates as required thereby, they shall issue and transmit to each person for whom votes were cast at such municipal election one of such certificates setting forth, according to the truth as shown by said canvass, the number of votes received by relators and other candidates voted for at said election. The record shows that respondents, by the majority vote aforesaid, refused to obey the mandate of the statute and undertook as a canvassing board, in the absence of the relators, and without process, to say nothing of their want of jurisdiction, to determine the question of relators' rights and titles to the offices to which they were elected. Treating their action as councilmanic, we distinctly decided in the recent case of *Trunick* v. *Northview*, 80 W. Va. 9, that the council to which

a member has been elected, and not some previous council, is the one entitled to sit in judgment on his election to and qualification for the office. This holding constitutes a complete answer to one of the points made in the demurrers and returns of respondents Lewis, Poteet and Garrett. So that conceding as true all that they say in their returns as to the qualifications of relators, they had no right or jurisdiction as councilmen, or as a board of canvassers, to undertake to decide questions which could only be presented to and decided by the tribunal having jurisdiction to try relator's rights and titles to their offices. See also, *Martin* v. *White,* 74 W. Va. 628; 9 Ruling Case Law, p. 1113, sec. 116.

The certificates of election demanded of respondents by relators constitute in their hands the legal evidence of their prima facie right and title to the offices to which on the face of the returns they were elected. Having failed to perform their plain duty in the premises, respondents may be required, according to the alternative writs, to reconvene as a board of canvassers and complete the performance of their ministerial duty in the premises. *McKinzie* v. *Hatfield, Mayor,* 77 W. Va. 508, 513; *Sanders* v. *Board of Canvassers,* 79 W. Va. 303.

The motion of respondents Fitzpatrick and Kearnes, to have the suits against them dismissed for the reasons assigned, we think, should not prevail. They did not, as perhaps they might have done, prepare and sign proper certificates and deliver or tender them to relators, nor do they in their return say that before suit they manifested in any way their willingness to sign such certificates. Apparently they accepted the action of the majority present and voting on said resolution as binding on them. Moreover, as we do not in suits of this kind, when public officers have acted in good faith, award costs against them, their motion to dismiss presents questions of minor importance to them, and we think the writs should run against all the members of the canvassing board, including respondents Fitzpatrick and Kearnes.

For the foregoing reasons we are of opinion that respondents have presented no defenses to the alternative writs, and that per-

emptory writs of mandamus should be awarded in accordance with the alternative writs, and it will be so ordered.

*Peremptory writs granted.*