# CHARLESTON.

STATE *ex rel,* W. E. McKNIGHT v. BOARD OF BALLOT COMMISSIONERS OF WETZEL COUNTY.

Submitted May 14, 1920.     Decided May 14, 1920.

ELECTIONS—*Board of Ballot Commissioners Cannot Determine Eligibility of Candidate for Primary Nomination to Hold Office.*

When a candidate for a nomination in a primary election files a certificate with the clerk of the circuit court, from which it appears that he is eligible to hold the office for which he is a candidate, the board of ballot commissioners have no authority to institute an inquiry for the purpose of determining the question of his legal qualifications to hold such office. The duty of said board is to place his name upon the ballot and allow the question of his eligibility to be determined by a competent tribunal, should he be elected thereto.

(LYNCH, JUDGE, absent).

Original mandamus by the State, on relation of W. E. Mc-

Knight, against Frank Wells Clark and others, as the Board of Ballot Commissioners of Wetzel County.

*Writ awarded.*

*Thayer M. McIntire* and *Jno. T. Simms,* for relator.
*S. B. Avis,* for respondents.

RITZ, JUDGE:

The relator seeks by writ of mandamus to compel the board of ballot commissioners of Wetzel county to place his name upon the official primary election ballot as a candidate for member of the county executive committee from Magnolia district in said county.  Defense is made to the writ upon the ground: First, that the declaration of relator's candidacy does not sufficiently designate the office for which he is a candidate, in that it omits to state what district he desires to represent, the certificate simply showing that he is a candidate for member of the county executive committee; and second, that he is not eligible to said office, having removed from the county of Wetzel.

In regard to the first ground it may be said that the certificate filed shows that the relator resides in New Martinsville, which is the county seat of Wetzel county.  Under the law he could not be a candidate from any other district than the district in which New Martinsville is situate, and we will not presume that the board of ballot commissioners are not informed as to the magisterial district in which the county seat of the county is located.  However, should the ballot commissioners be in doubt as to this matter, under the decision of this Court in the cases of *State ex rel. Carter* v. *Ballott Commissioners,* and *State er rel. Atkinson* v. *Ballot Commissioners,* decided at this term, and not yet officially reported, it is their duty to solve that doubt by permitting an amendment of the certificate.

In regard to the second ground, it is shown that the relator for many years resided in New Martinsville in Wetzel county; that in the year 1918 he was employed by the State Tax Commissioner, the duties of said employment requiring his presence at the Capital of the State; that in the year 1919 he removed his family from Wetzel county to the city of Huntington, where his children are attending school; that he has always claimed his

citizenship in the county of Wetzel; that he voted there very recently in a bond election, and is now registered there as a citizen, and his personal property is assessed in that county for purposes of taxation. It is insisted upon the part of the relator that the ballot commissioners had no power to determine the question of his eligibility; that having filed a certificate in the form required by law it was the duty of the ballot commissioners to place his name upon the ballot without undertaking to enter upon an inquiry as to whether or not he is legally qualified to hold the office. In the case of *Trunick* v. *Northview,* 80 W. Va. 9, the relators were seeking by mandamus to be inducted into the offices of councilmen of the town of Northview. The respondents in opposition to the writ insisted that relators were not eligible to hold the offices to which they had been elected. This Court held that their induction into office could not be prevented in that way, but must be raised and determined by the proper authority created by law for the purpose of deciding such contests, and granted the writ inducting the relators into the offices to which they had been elected. In the more recent case of *State ex rel. Clark* v. *Fitzpatrick,* 85 W. Va. 446, 102 S. E. 111, the relators sought to compel the board of canvassers of the town of Scarbro to issue to them certificates showing their election as councilmen of said town. The issuance of the writ was resisted upon the ground that the relators were not eligible to hold the offices to which they had been elected upon the face of the returns. We held that this was not a good defense; that the board of canvassers had no authority to try the question of the eligibility of the relators to the offices to which they were elected. It appears to us that these decisions are controlling of the question here. There is no authority conferred by law upon a board of ballot commissioners to try the question of the eligibility of candidates. To hold that such a board possesses this power would be to bring into existence many controversies and contests for which there would never be a reason if this question is left for determination by competent authority after the election.

We are of opinion that when a candidate files a certificate showing therein that he is eligible to the office, the board of ballot commissioners has no option but to place his name upon the ballot.

It would, of course, be different if the certificate itself showed his ineligibility, but in this case the certificate shows that the relator is eligible to the office for which he desires to be a candidate, and the inquiry of the board of ballot commissioners must stop there. If he should be elected to this office a proper inquiry can then be instituted before a competent tribunal to determine the question of his eligibility..

The writ of mandamus prayed for will be awarded.

*Writ awarded.*