STATE *ex rel.* EDWARD A. ZAGULA, CHAIRMAN, DEMOCRATIC EXECUTIVE COMMITTEE, HANCOCK COUNTY, *et al.*

*v.*

DAN GROSSI, CLERK, CIRCUIT COURT, HANCOCK COUNTY, *et al.*

(No. 12373)

Submitted September 29, 1964.     Decided October 1, 1964.

Opinion Filed October 20, 1964.

*Pinsky, Mahan & Barnes, Richard W. Barnes, William E. Watson,* for relators.

*Callie Tsapis, Pietranton & Hagg, Frank A. Pietranton,* for respondent *John S. "Jack" Bryan, Jr.*

CAPLAN, JUDGE:

This is an original proceeding in mandamus instituted in this Court by petitioners, Edward A. Zagula, Chairman of the Democratic Executive Committee of Hancock County, and Jack Evans, a citizen and resident of that county, against the respondents Dan Grossi, Clerk of the Circuit Court of Hancock County, Curtis C. Wallace and Paul E. Clunk, comprising the board of ballot commissioners for said county, and John S. "Jack" Bryan, Jr. In this proceeding the petitioners seek to compel the respondents to refrain from taking any action which would result in placing the name of John S. "Jack" Bryan, Jr. on the ballot for the general election to be held on November 3, 1964, as the Democratic nominee for the unexpired term of the office

of county court commissioner of Hancock County, and to compel the said respondents to place the name of Jack Evans on the official ballot as the Democratic nominee for said office.

Upon the petition filed by the petitioners on September 24, 1964, this Court issued a rule returnable September 29, 1964, and on that day respondent Bryan filed his answer and demurrer to the petition, a motion to strike and a memorandum in support of said motion. This proceeding was then submitted for decision upon the foregoing pleadings, the petitioners' brief and oral arguments on behalf of the parties.

On October 1, 1964, this Court, by order, granted the writ prayed for in the petition and directed the respondents, the Board of Ballot Commissioners, to place the name of Jack Evans on the official ballot to be used at the general election to be held on November 3, 1964, as the Democratic nominee for the unexpired term for the office of Commissioner of the County Court of Hancock County from Clay District. This opinion is now rendered for the purpose of stating the reasons which caused this Court to award the writ.

At the primary election held on May 12, 1964, the voters of Hancock County elected a Democratic Executive Committee, the members of which are presently serving in that capacity. The term of office of these committee members began on the first day of June following the primary election, and will continue for four years thereafter. Shortly after the primary election the chairman of the committee then in office, in accordance with the provisions of Code, 1931, 3-1-9, as amended, called an organizational meeting of the new committee. This meeting was to be held on June 2, 1964.

On May 23, 1964, subsequent to the primary election and the call by the chairman, a member of the County Court of Hancock County, Robert E. Roach, died. Mr. Roach's term extended to December 31, 1968, thereby leaving an unexpired term to be filled at the election on November 3, 1964. This created a vacancy on the Democratic ticket for such office which, according to Code, 1931, 3-5-19, as amended,

could be filled by the executive committee of the political party for the political division in which the vacancy occurred.

The chairman of the outgoing committee called a meeting of said committee to be held on May 29, 1964. On that date that committee proceeded to nominate John S. "Jack" Bryan, Jr. to fill the ticket as the Democratic nominee for the office of county commissioner of Hancock County. This action was certified by the committee to the circuit clerk of said county on May 30, 1964.

The newly elected committee, pursuant to the call of the outgoing chairman, met on June 2, 1964. According to the facts alleged in this proceeding, the chairman attempted to adjourn said meeting but a quorum of the new committee continued the meeting and elected Edward A. Zagula chairman. A controversy arising from this election resulted in a determination by the board of appeals of the State Democratic Executive Committee that Edward A. Zagula was the duly elected chairman.

On July 20, 1964, the duly elected Democratic Executive Committee of Hancock County met and revoked, canceled and annulled the nomination of John S. "Jack" Bryan, Jr. and designated Jack Evans as the nominee to be placed on the official ballot in the November 3 election. This nomination was certified to the Clerk of the Circuit Court of Hancock County by Edward A. Zagula, chairman.

It is alleged in the petition and remains undisputed that the ballot commissioners of Hancock County met on September 15, 1964, and decided to place Mr. Bryan's name on the ballot. This action appears from a copy of a transcript of the meeting of the ballot commissioners which is contained in the petition. This proceeding was instituted to compel the respondents to place the name of Jack Evans on the ballot rather than that of John S. "Jack" Bryan, Jr.

In his motion to strike respondent Bryan alleges that Edward A. Zagula fails to show that he has any right to join as a relator in this proceeding. Even if this were so, his joining as a party relator would not be fatal to this action. Jack Evans, who is directly interested in the outcome of

this proceeding, is a relator and without question is a proper party. Even if the inclusion of Zagula as a party constituted a misjoinder of parties, the provisions of Code, 1931, 56-4-34, clearly prevent the abatement of this cause for that reason. Where pertinent, that Code section provides: "No action or suit shall abate or be defeated by the misjoinder or nonjoinder of parties, plaintiff or defendant." This contention, therefore, is without merit.

Respondent Bryan further asserts that mandamus will not lie in the circumstances of this case. This position is not well taken. Code, 1931, 3-1-45, as amended, expressly provides that any officer or person upon whom any duty is devolved by the election laws of this state may be compelled by writ of mandamus to perform that duty. In the instant proceeding we are concerned with the duties of the ballot commissioners. Code, 1931, 3-1-21, as amended, provides: "It shall be the duty of the board of ballot commissioners for each county to provide printed ballots for every election * * * and cause to be printed, on the appropriate ballot, the name of every candidate whose name has been certified to or filed with the clerk of the circuit court of the county in any manner provided for in this chapter. * * *." Here, the name of Jack Evans was certified to the clerk of the circuit court. By this mandamus proceeding the petitioners seek to compel the ballot commissioners to place the name of Evans on the ballot. It will be decided herein whether this relief will be granted.

This Court has long sanctioned the use of mandamus in cases where election officials have failed or refused to perform their statutory duties. *Pack* v. *Karnes, et al.*, 83 W. Va. 14, 97 S. E. 302; *Franklin, et al.* v. *The County Court of McDowell County, et al.*, 86 W. Va. 479, 103 S. E. 330; *State ex rel. McKnight* v. *Board of Ballot Commissioners of Wetzel County*, 86 W. Va. 496, 103 S. E. 399; *State ex rel. Evans, et al.* v. *Kennedy, et al.*, 145 W. Va. 208, 115 S. E. 2d 73. See also 6 M.J., Elections, Section 103. We hold, therefore, that mandamus is the proper remedy in the circumstances of this case.

Two principal questions are raised in this proceeding. Does a county political committee, after a primary election at which new members thereof were elected, have the power to fill a vacancy on the ballot for the general election? If such power does exist, may the new committee members, upon their assumption of office, revoke and rescind the prior action of the committee and name a different person to fill the vacancy on the ballot?

The first question must be answered in the affirmative. Clearly, the committee which held office when the vacancy occurred was authorized by Code, 1931, 3-5-19, as amended, to fill the vacancy. Inasmuch as it remained in office until the first day of June following the primary, it had the power and the right to so act. If this were not so a hiatus would be created during which the business of the committee could not be conducted. Certainly this was not the intention of the legislation creating political committees and prescribing their duties.

We come now to the consideration of whether a newly elected committee, upon its assumption of office, may rescind a nomination made by the outgoing committee during its term of office to fill a vacancy on the official ballot for the general election and designate instead thereof its own choice. While our research reveals that this precise question has not been answered by this Court, certain decisions thereof and decisions of other courts most persuasively indicate that a newly elected committee may so act. No authority has been cited to the contrary.

In *Franklin, et al.* v. *The County Court of McDowell County, et al.,* 86 W. Va. 479, 103 S. E. 330, McGinnis Hatfield, claiming to be the chairman of the county Republican Executive Committee, submitted a list of election officials to the county court, which list was selected during a committee meeting. After some difficulty relating to the eligibility of certain committee members, Hatfield left the meeting and N. H. Franklin was elected chairman. At a subsequent meeting the committee selected a different list of election officials and Franklin presented that list to the county court. When the county court indicated that it was

going to accept Hatfield's list, Franklin sought a writ of mandamus to compel the county court to appoint the persons named in the list submitted by him. Granting the writ, the Court said: "The power and authority of a statutory political committee to rescind, abrogate or alter, at a subsequent meeting, what it did at a previous one, before consummation, in the absence of a statutory provision inhibiting such action, cannot be doubted, and there is no such limitation upon the powers of such a committee in the statute of this state. Presumptively, the powers of such a committee are the same in nature and quality as those of other executive and legislative tribunals, none of which are precluded, ordinarily, from rescinding their actions before rights have vested under them, or altering positions taken by them."

*State ex rel. Reynolds* v. *Fielder, et al.,* 110 W. Va. 240, 157 S. E. 597, presents another instance wherein this Court held that a political committee may rescind its action taken at a former meeting and adopt a different course. In *Long* v. *Martin,* 194 La. 797, 194 So. 896, a political committee named Long to fill the vacancy on the official ballot to be used in the general election. At a subsequent meeting the committee rescinded its former action and designated another person to fill the vacancy for that particular office. The Court, in approving such action of the committee, said: "Having authority to select a nominee the committee had also the authority to rescind the selection at any time before the name of the nominee was printed on the official ballot. There is no statute forbidding the committee to rescind a selection of a nominee and to substitute in his place the name of someone else, if for any reason, a majority of the members of the committee, in good faith, believe that it is for the interest of the political party that such a change should be made." See also 29 C.J.S., Elections, Sections 93 and 94.

It has been suggested that the cited authorities do not control in this case for the reason that here a newly elected committee rescinded the action of the old committee. This position is without merit. A political committee is a continuing entity and a change of personnel thereof, whether made by election or otherwise, does not affect its right to

18

act as a committee. It is immaterial that its membership may be changed. As stated in the *Franklin* case, *supra,* a political committee has the same right to rescind its action as does any other legislative or executive body. We are not concerned here with the actions of two separate political committees. There is only one Democratic Executive Committee in Hancock County. When it met on July 20, 1964, rescinded the nomination made on May 29, 1964, and designated another candidate, it was merely abrogating or altering an act of a previous meeting. We think that holding this action valid and lawful is consonant with the expressions of this Court and of authorities elsewhere.

The only limitation upon the action of a political committee in rescinding a nomination and designating a different person to fill a vacancy on the official ballot is that such action must be taken prior to the consummation of the nomination. What constitutes consummation is not a precise or clear cut determination. In *Long* v. *Martin,* 194 La. 797, 194 So. 896, the Court said that a political committee may rescind a nomination to fill a vacancy at any time before the name of the nominee was printed on the official ballot. While this appears to be a fair standard, in view of contingencies which may arise, we are not inclined to adhere strictly to that holding. We believe that any such alteration by the committee should be made within a reasonable time before the general election so as not to impede the printing of the ballots.

If the change is made in a nomination within a reasonable time, as indicated above, the disappointed candidate has no basis for complaint. *Long* v. *Martin, supra.* This was also succinctly stated in *State ex rel. Reynolds* v. *Fielder, et al.,* 110 W. Va. 240, 157 S. E. 597, wherein the Court held that a candidate for public office does not have a vested right to such candidacy. The Court further said: "He must be deemed to have known as a legal proposition that the committee had the right, for cause considered sufficient by it, to rescind its earlier action and adopt a different course."

In addition to the foregoing reasons for sustaining the July 20, 1964 action of the Democratic Executive Com-

mittee, it is a well settled principle that political committees have very broad powers in matters of party regulation, and the courts, respecting that power, seldom find basis of justification for interference therewith. *State ex rel. Reynolds* v. *Fielder, et al.,* 110 W. Va. 240, 157 S. E. 597; *State ex rel. Downey* v. *Emmert, et al.,* 102 W. Va. 192, 135 S. E. 11; *State ex rel. Smith* v. *County Court,* 78 W. Va. 168, 88 S. E. 662; *Republican Executive Committee* v. *County Court,* 68 W. Va. 113, 69 S. E. 522; *Boggess* v. *Buxton,* 67 W. Va. 679, 69 S. E. 367; *Kump* v. *McDonald, et al.,* 64 W. Va. 323, 61 S. E. 909.

For the reasons stated herein we find, and so hold, that petitioner Evans has shown a clear legal right to the relief prayed for and has further shown that the respondents, the Board of Ballot Commissioners, are under a corresponding duty to perform the act demanded. The writ of mandamus is awarded.

*Writarded.*