McMILLION MOTORS, *Inc. v.* H. C. WALKER, *City Manager, etc.*

(No. 8090)

Submitted January 9, 1935. Decided January 15, 1935.

MAXWELL, JUDGE, dissenting.

*Joe L. Silverstein,* for relator.
*Charles Ritchie,* for respondent.

HATCHER, JUDGE:

The petitioner alleges that it entered into a contract with the city council of Charleston on November 19, 1934, whereby the counsel agreed to purchase of it a truck at the price of $672.10, one-third to be paid cash, one-third to be paid November 19, 1935, and one-third to be paid November 19, 1936—the deferred payments to bear interest at six per cent; that the truck was to be used as a part of the equipment of the city's street department; and that the respondent, who is City Manager of Charleston, refused to execute the contract. This is a proceeding to require him to do so.

The respondent demurred but filed no answer or brief. The ground of the demurrer is that the contract "would require the payment of funds not available for the current fiscal year."

The petitioner further alleges: (a) that a resolution was passed by the counsel October 1, 1934, reciting, among other things, that the city would need to expend in excess of its maximum levies, the sum of $33,000 in each of the fiscal years of 1934-5, 1935-6 and 1936-7 for the purchase of new equipment for the fire, police, street and crematory departments; (b) that the resolution ordered an election to be held on October 24, 1934, to determine whether or not the council should be authorized "to lay an additional levy * * * for the above purposes and in the amounts aforesaid," etc.; and (c) that at the election the requisite number of voters voted in favor of the additional levies.

At the threshold of this case we are confronted with the inhibition of the Constitution, Article X, section 8, against the contraction of such a debt by the city as the petitioner

avers, "unless all questions connected with the same, shall have been first submitted to a vote of the people," etc. Petitioner's brief takes the following position thereon: "It will be noted that the constitutional provision above quoted does not make the issuance of bonds a prerequisite to the authorization of a public indebtedness, therefore, we submit that the authorization of the purchase of ninety-nine thousand ($99,000.00) dollars worth of new equipment for the purposes set out in the election order just as effectively authorizes the creation of a debt for said purpose as though bonds were authorized to be issued and sold, running over a like period of time."

One of the questions in connection with debt, specifically referred to in the constitutional section is that *of interest on debt*. The resolution of the city council, upon which the submission of the levy to the people was based, *contains no clause which purports in any way to provide for the payment of interest*. Neither the word "debt" nor the word "interest" is used in the resolution, and it contains no word or combination of words synonymous with or equivalent to those words. It does not propose, or use words inferentially proposing, to contract the purchase of equipment paying therefor one-third cash and the balance in one and two years *with (or without) interest*. On the contrary, the resolution proposes specifically to expend $33,000.00 in each of the three fiscal years named. The alleged vote of the people was not a mandate to expend any fixed amount to purchase equipment, but only a permit to spend for that purpose as much as $33,000.00 a year, for three years. It may be that changed conditions will not require the expenditure of all of the $33,000.00, for one or more of the three years. However that may be, the plan submitted to the people was one of "pay as you go" (i.e., within the levy year) and not one of purchase on credit (beyond the levy year). Before such a debt as the petition proposes can be contracted under the Constitution, the will of the people to do so must be clear and explicit. The assumption of a debt for a period of two years is not included in the plan submitted to and allegedly authorized by the people. The writ is accordingly refused.

*Writ refused.*

MAXWELL, JUDGE, dissenting:

As stated in the opinion, the result of the alleged vote of the people was to permit the expenditure of as much as $33,000.00 a year for three years in the purchase of new equipment. If this program was properly approved by the people (a matter not now before us), there was unqualified authorization of expenditure of $99,000.00 for equipment; the necessary levies therefor, running through three years, were sanctioned. The rights of the people have been safeguarded, and, in effect, there has been compliance with the requirements of section 8, Article X of the State Constitution. The people have voted on the expenditure, and that is the important thing.

The people having authorized the laying of levies for three years to raise an aggregate of $99,000.00 for equipment, I am of opinion that the duly authorized representatives of the people should be permitted to contract for the expenditure of said funds in such manner as in their judgment they deem best for the welfare of the community. I would not ignore any constitutional provision, but would place upon this situation an interpretation, which, in my judgment, would bring it within the letter and the spirit of our organic law.