A. R. WARDEN *v.* COUNTY COURT OF TAYLOR COUNTY *et al.*

(No. 8345)

Submitted November 26, 1935. Decided December 10, 1935.

*James C. Holt*, for appellants.
*W. Merle Watkins*, for appellee.

HATCHER, JUDGE:

On August 29, 1935, the county court of Taylor County ordered an election to be held on September 27, 1935, to authorize an increase in the levies above the maximum constitutional rates "to acquire a site for, construct and equip a public county hospital." The order further stated that the total sum needed for that purpose was $87,000.00, and that "the proposed years to which the additional levy shall apply are the fiscal years beginning July 1, 1936, July 1, 1937, and July 1, 1938." The ballot contained no information other than the statements in the order. The special election was held, with the resultant vote: for the special levies 2,161; against the special levies 1,293. On October 3, 1935, the county court ordered its president to borrow $87,000.00 for the purpose of acquiring a site for, constructing and equipping the hospital. In this suit, he was enjoined from so doing, and the county court was enjoined from laying the special levies.

1. The Tax Limitation Amendment (1932) provides that the maximum rates listed · therein shall not be increased "unless at least sixty per cent of the qualified voters shall favor such increase." Article X, section 1 of the Constitution. The registered voters of Taylor County number 11,215. Since only 2,161 votes favored the increase in levies, and that number is far below sixty per cent of the registered vote, the plaintiff contends that the proposal failed. We are aware that respectable authority supports plaintiff's contention, notably *Hawkins* v. *Carroll Co.*, 50 Miss. 735, and *Williams* v. *Polk County*, 176 N. C. 554, 97 S. E. 478. Were the point one of first impression here, its solution might cause some of us trouble. But in *Davis* v. *Brown*, 46 W. Va. 716, 718-9, 34 S. E. 839, 840, this Court said: "Where voters do not come to the polls at all, they need not be inquired after; they do not exist, no matter how many there may be. This is so, though the law require the assent of a majority of the voters of a county or district to elect an officer or approve a measure. * * * This is settled by many authorities." That statement is fully supported by the citations in the opinion, and is further confirmed by the following: *Vance* v. *Austell*, 45 Ark. 400; *Sanford* v. *Prentice*, 28 Wis. 358; *Fabro* v. *Gallup*, 15 N. M.

108, 103 P. 271; *Ex parte Owens,* 148 Ala. 402, 42 So. 676, 8 L. R. A. (N. S.) 888; *Southington* v. *Water Co.,* 80 Conn. 646, 69 A. 1023, 13 Ann. Cas. 411; *Cronly* v. *Tucson,* 6 Ariz. 235, 56 Pac. 876; 10 Am. and Eng. Ency. Law, subject Elections, 754; 9 R. C. L., *idem,* sec. 120; 9 Rose's notes, pp. 968-9. That is the construction placed on the provision of the Limitation Amendment by the Legislature, Acts (Second Extraordinary Session) 1933, section 16, and we approve the same.

2. The county court purported to proceed under Acts, *supra,* chapter 44, section 3, the pertinent parts of which follow: ''Any county court is likewise authorized to construct, equip and maintain a courthouse, other public buildings, or jail,'' and for that purpose ''to borrow funds from the public works administration or other governmental agency authorized to make loans'' and also ''to issue bonds * * * and to pledge a sufficient amount of revenue within the constitutional limitation and within the limitations as provided by general law, to pay the interest on and the principal of said bonds within a period not to exceed thirty years. * * * subject only to this limitation, that the bonds issued or given as security thereof shall be payable solely out of the levies now provided for by general law.''

The plaintiff contends (a) that the county court has not pursued the course outlined in section 3, *supra,* or that required by the Constitution for the issuance of bonds; and (b) that the phrase *other public buildings* as used in the statute relates to other buildings which the county court is expressly authorized to construct, or to buildings which might be incidental to its governmental duties, and that care of the public health generally or through hospitalization is not such a duty.

A county court cannot borrow money to be repaid from future levies except in manner provided by the Constitution, Article X, section 8, which provides: ''No debt shall be contracted under this section, unless all questions connected with the same shall have been first submitted to a vote of the people.'' The plan authorized by section 3, *supra,* is one of *borrowing and bonding* which would require compliance with the foregoing provision of the Constitution. The project presented to the people for their suffrage in this instance is one *of excess levies* over a period of years (three). The county

court now proposes to adopt the *borrowing and bonding* plan. But that plan with "all questions connected with the same" was not submitted to the people, as Article X, section 8, requires. That plan was not authorized by the people. Consequently, the course now proposed by the county court cannot be countenanced. *McMillion Motors Inc.* v. *Walker,* 116 W. Va. 6, 178 S. E. 278.

Under this holding it is not necessary to determine what *other public buildings,* besides courthouses and jails, are contemplated by the Act.

The decree of the circuit court is affirmed.

*Affirmed.*