# CHARLES TOWN.

SOUTH MORGANTOWN *v.* MORGANTOWN.

.Decided September 7, 1901.

1. CONSTITUTION—*Legislative Power..*
    The Constitution, in Article VI, section 39, does not prohibit the Legislature from passing a special law repealing the charter of a municipal corporation, or uniting the territory of several municipal corporations in one municipal corporation, and thus repealing their former charters.  (p. 730).

2. MUNICIPAL CORPORATION—*Constitutional.*
    Chapter 144, Acts of 1901, incorporating the city of Morgantown, is not in violation of Article VI, section 39, of the Constitution.  (p. 731).

3. STATUTES—*Construction—Reasonable Doubt.*
    Courts will not hold an act of the legislature to be contrary to the Constitution without great caution and unless it be manifestly and beyond doubt unconstitutional.  (p. 732).

Application by the mayor and councilmen of South Morgantown for a writ of *mandamus* against the city of Morgantown and others.  Writ denied, and rule for writ of *mandamus* awarded by judgment of the Supreme Court.

*Rule Discharged.*

R. E. L. ALLEN, for petitioners.

COX & BAKER, for respondents.

BRANNON, PRESIDENT:

The towns of Morgantown, South Morgantown, Seneca and Greenmount, covering adjoining territory in Monongalia County, existed as separate municipal corporations under dis-

tinct charters until the act of the legislature passed 24th of January, 1901. That act erected and created a new municipal corporation by designating certain territory, including all the territory covered by those four towns, and incorporating it under the name of "The City of Morgantown." It repealed the preexisting charters of those towns by necessary implication. *Dunfee* v. *Childs,* 45 W. Va. 159; *Cain's Case,* 8 *Id.* 720; *Mobile* v. *Watson,* 116 U. S. 289. The recorder of the former town of South Morgantown, under authority of that act, turned over to the officers of the new municipality the seal, records and papers of the town, and later the mayor and councilmen of South Morgantown, denying the validity of the act of 1901, and asserting the continued existence of South Morgantown as a municipal corporation, applied to Judge John W. Mason, of the circuit court of Monongalia County, for a writ of *mandamus* against the council of the new city of Morgantown to compel it to restore to the council of South Morgantown its corporate seal, records and papers, which being refused by Judge Mason, a rule for a writ of *mandamus* was awarded by a judge of this Court. The city of Morgantown appeared to this rule and moved its discharge because improvidently awarded, on the claim that the petition for the writ itself discloses no ground for it, and also filed an answer.

The sole question necessary to be decided, the only one discussed by counsel in oral argument, is the validity of the act of 1901, incorporating the new city and blotting out the four former towns. By common law the legislature has vast powers over municipal corporations. As stated in *Hornbrook* v. *Elmgrove,* 40 W. Va. 543, it can make and unmake them at its discretion. Municipal charters are not contracts between the State and towns or cities, but are simply granted for governmental purposes, as mere instruments chosen by the legislative power to perform certain functions in the administration of the State government. No right vests under them in the towns or cities that is above subsequent legislation. *Probasco* v. *Moundsville,* 11 W. Va. 501. The proposition stated in *Roby* v. *Sheppard,* 42 W. Va. 289, is not too broad, that is, that the power of the legislature to divide large municipalities, to annul their old charters, to re-organize them, to consolidate small ones, as well as to detach portions of territory from one and annex them to another, to meet the wishes of its residents, or to promote the

public interest, as understood by the legislature, is conceded to the legislature. Its power is thus full, in the absence of constitutional prohibition. This is well settled law. *Board* v. *Board,* 30 W. Va. 425; 1 Beach, Pub. Corp., s. 397; *Piqua Branch Bank* v. *Knoop,* 16 How. 369; *Merriweather* v. *Garrett,* 102 U. S. 472; *Kelley* v. *Pittsburg,* 104 U. S. 78; *Ohio* v. *Cincinnati,* 27 L. R. A. 737; *Girard* v. *Philadelphia,* 7 Wall. 10. But it is contended that these principles do not apply, because section 39, Article VI, of the Constitution, provides that the legislature shall pass no local or special law "incorporating cities, towns or villages, or amending the charter of any city, town or village, containing a population of less than two thousand;" and that the four towns each contain a population of less than two thousand, and that the act is to be held as one amending their charters. Now, it is clear that unless this language does disable the legislature from passing the act in question, that act is constitutional; for unless we can say that the clause quoted from the Constitution makes an exception to the wide power of the legislature, that power must prevail, as set forth above. Remember that the power of the legislature is unlimited, except so far as this provision limits it. It limits it only as to incorporation and amendment of charters; it does not stay the hands of the legislature in the repeal of a charter. Such is the letter of the Constitution. Shall we enlarge that letter to deprive the legislature of salutary powers of legislation? When incorporating or merely amending a charter of an existing town, that provision governs; but suppose it becomes unwise to continue a municipal corporation, ought not the legislature possess the power to dissolve it? It cannot be objected that the act violates the Constitution in incorporating Morgantown, because it as incorporated by the act contained more than two thousand people. In *Roby* v. *Sheppard,* 42 W. Va. 286, we held that an act taking away from a town of less than two thousand people a part of its territory, and giving it to another was no violation of this clause of the Constitution, as it was not an amendment of the charter, but only a change of its territory. So this act is not one amending, but is one destroying, the charter of South Morgantown; it does not modify it for continued future existence, but ends it. So it is neither within the letter nor spirit of the Constitution. Nor can it be said, even, that the act is an amendment of the charter of the former town of Morgantown. If we view the act as one of consolidation,

it does not come under the letter of the Constitution; and it is not a mere amendment of the charter of Morgantown, because it extinguishes the former corporation, and out of new territory and people erects another. It was wise in the makers of the Constitution, by the provision quoted, to debar the engrossment of the time of the legislature with innumerable new incorporations and mere amendments of existing charters; but giving the legislature power to pass upon the few and rare cases of the abolition of charters does not fall under the same objection. I repeat here what is said as to this point in *Hornbrook* v. *Elmgrove, supra,* that the clause does not take away the power to repeal a town charter. This is an important matter. The legislature has not construed the clause of the Constitution in hand as denying it such power as it has exercised in this Morgantown act, as it has passed acts in the cases of Fairmont, Huntington, Charleston, Mannington, and perhaps other towns, obnoxious to the same objection, which acts would fall under the decision we are asked to make and produce much disorganization. It is a healthful power resident in the legislature to consolidate small adjoining towns under one central municipal government capable better of accomplishing good government. If we had any doubt on this subject, I would repeat what I said in *Roby* v. *Sheppard, supra,* that a court must move with great caution in declaring an act of the legislature unconstitutional, resolve all doubt in favor of its validity, and hold it unconstitutional only in cases where the act is plainly and palpably violative of the Constitution.

No question arises as to debts of South Morgantown, as the common law, as also the act itself, charge the new city with them.

Something was said in the briefs, but not in the oral argument, about irregularity in organizing the new city in the failure to elect councilmen in certain wards. Their places were filled by lawful appointment. Anyhow, the point is immaterial. The new city is existent; South Morgantown is non-existent. The city of Morgantown lives, and the town of South Morgantown is dead, and cannot sue, cannot raise this point of irregularity for want of life to enable it to sue.

We discharge the rule and refuse to award the writ of *mandamus,* as the petition on its face sets up the act of 1901, and that act being valid, the petition shows no right to the *mandamus.*                          *Rule Discharged.*