STATE *ex rel.* W. W. WINTER, *et al.*

*v.*

A. M. BROWN, *Clerk of Putnam County Court*

(No. 10983)

Submitted May 27, 1958. Decided June 17, 1958.

618

*Campbell, McNeer & Woods, Selden S. McNeer, Jr., Milton T. Herndon,* for relators.

*V. K. Knapp, John G. Anderson,* for respondent.

BROWNING, JUDGE:

W. W. Winter and Mary Etta Winter, hereinafter referred to as petitioners, seek a writ of mandamus requiring respondent A. M. Brown, Clerk of the County Court of Putnam County, to admit to record a deed, dated March 15, 1958, by which Clark M. McGhee and Carol McGhee conveyed to the petitioners, in consideration of the sum of $9,250.00, a tract or parcel of land situate in Curry District, Putnam County, West Virginia, upon payment of the proper fees as set forth in Chapter 59, Article 1, Section 10, of the Code, as amended.

The petition alleges: Respondent is the duly elected and qualified Clerk of the County Court of Putnam County, whose duty it is to record deeds and other recordable instruments upon payment of the fees prescribed by law; the execution of the deed to petitioners; the delivery of the deed to respondent and the tender of $1.75, that being the fee prescribed by Code, 59-1-10, as amended; and the refusal of respondent to admit such deed to record except upon payment of an additional fee of $41.80, asserting such sum to be due pursuant to an ordinance enacted and adopted by the Board of Education of Putnam County under the provisions of Chapter 67, Acts of the

Legislature, Regular Session, 1957. The petition then alleges that such ordinance and statute are unconstitutional and void in that the statute constitutes an unlawful delegation of the taxing power of the State to an administrative body, contrary to the express provisions of Article V, Section 1 and Article XII, Section 5 of the Constitution of this State.

Pursuant to a rule to show cause why the writ as prayed for should not be awarded against him, issued by this Court on April 28, 1958, respondent appeared and demurred to the petition, assigning the following grounds: (1) The facts and allegations set out in the petition are insufficient to show a failure of respondent to perform an official act; (2) the facts alleged in the petition are insufficient to disclose an unconstitutional delegation of taxing power by the State Legislature; (3) the allegations fail to show that the statute involved is not complete and that the rights, duties and obligations created thereby are not fixed and determined; (4) the allegations disclose that no discretionary power is delegated to the Board of Education by the statute; and (5) the allegations disclose that the duties and functions placed upon the Board of Education are merely administrative and not legislative in nature.

Article V, Section 1 of the Constitution of this State provides: "The Legislative, Executive and Judicial Departments shall be separate and distinct, so that neither shall exercise the powers properly belonging to either of the others; nor shall any person exercise the powers of more than one of them at the same time, except that justices of the peace shall be eligible to the Legislature."

Article XII, Section 5, of the Constitution provides: "The Legislature shall provide for the support of free schools by appropriating thereto the interest of the invested 'School Fund,' the net proceeds of all forfeitures and fines accruing to this State under the laws thereof; the State capitation tax, and by general taxation of persons and property or otherwise. It shall also provide for raising in each county or district, by the authority of

the people thereof, such a proportion of the amount required for the support of free schools therein as shall be prescribed by general laws."

The Legislature of this State, by Chapter 67, Acts of the Legislature, Regular Session, 1957, amended Article 5, Chapter 18, of the Code, as amended, by adding thereto four new sections, the pertinent portions of which are set forth as follows:

Section 38: "Except as hereinafter provided, the board of education of any county school district shall have the authority to impose by ordinance a tax upon all instruments in the form of deeds, trust deeds and mortgages transferring title to real and personal property, or interests therein, offered for recordation or filing and recorded or filed in the office of the clerk of the county court of the county in which the school district is located. * * *"

Section 39: "Before enacting such ordinances, the county board of education shall publish one time a copy of the same in two newspapers of opposite politics published in the county, if such there be, and otherwise in one newspaper so published. If no newspaper is published in that county, publication shall be in a newspaper of general circulation in the county. An ordinance shall not be finally passed until one week has elapsed after the last date of publication and persons interested have been given an opportunity to attend a meeting of the board and be heard with respect to the ordinance."

Section 40: "When any instrument upon which the tax authorized in section thirty-eight of this article is legally applicable is offered for recordation in the office of the clerk of the county court, it shall be the duty of the clerk to ascertain and compute the tax due thereon and collect such tax as a prerequisite to the acceptance of the instrument for recordation."

Section 41: After prescribing certain offenses and the penalties therefor concludes:

"* * *"

"The authority to levy the school tax authorized by this act shall terminate five years after the effective date thereof."

The ordinance imposing the transfer tax pursuant to the statute, as adopted by the Board of Education of Putnam County, conforms to the statute in all respects and imposes the maximum tax rate provided therein of "two dollars and twenty cents for each five hundred dollars, or fractional part thereof, of the actual consideration paid or to be paid for, or of the principal amount of the debt secured by, the transfer, except that no more than five thousand dollars tax shall be due on any one transfer."

The demurrer of the respondent to the petition squarely raises the controlling issue in this proceeding, which is the constitutionality of Chapter 67, Acts of the Legislature, Regular Session, 1957. There is no contention by the respondent that the members of the Board of Education of Putnam County are not officials of the Executive branch of the State government. The State Superintendent of Free Schools is likewise an elective official of the Executive branch of the government. Article VII, Section 1, of the West Virginia Constitution. Neither does the respondent deny that our Constitution, and particularly Article V, Section 1, thereof effects a separation of the three branches of government of this State, Executive, Legislative and Judicial, and provides that neither shall exercise the powers properly belonging to either of the others. This section of the Constitution was last discussed by this Court in *State ex rel. Richardson* v. *County Court of Kanawha County,* 138 W. Va. 885, 78 S. E. 2d. 569, wherein this Court held that an act of the Legislature, attempting to authorize the Domestic Relations Court of Kanawha County to fix the amount of salaries of probation officers, medical, clerical and secretarial assistants, was unconstitutional and void "as being violative of Article V of the State Constitution, in that it attempts to vest in the judicial department of the government a nonjudicial function." That principle is too elementary for any further general discussion.

Furthermore, there can be no doubt that the general power of taxation is vested exclusively in the legislative branch of the government of this State. *Lingamfelter* v. *Brown,* 132 W. Va. 566, 52 S. E. 2d. 687. Upon this question, however, it must be observed that the people of this State have, by their Constitution, specifically provided for two exceptions wherein the Legislature is empowered to delegate the power to impose taxes. The first is Section 9 of Article X of the Constitution which empowers the Legislature to enact legislation authorizing the corporate authorities of incorporated cities, towns and villages to impose taxes. The necessity for that exception is obvious. The second exception pertains to education and is contained in Article XII, Section 5 of the Constitution, heretofore quoted. The reason for that exception is likewise apparent. It will be observed that Section 5 of Article XII is composed of two sentences, the first of which commands the Legislature to provide for the support of free schools by general provisions relative to the levying of taxes, and the second sentence provides that additional sums may be provided in each county or district for the support of free schools by taxation by the proper bodies of such local units of government. It will be observed also that the authority contained in the second sentence, by which the Legislature may provide by general law for the raising of additional funds for school purposes by authorizing local units of government to levy taxes, contains a phrase that goes to the heart of this proceeding. The sentence provides that the Legislature shall make such provision for the raising of taxes by counties or districts "by the authority of the people thereof." Thus, while generally the power of taxation is exclusively a function of the Legislature, and such power cannot be delegated to officials of either of the other branches of the government of this State, the Constitution does provide two exceptions, as hereinbefore stated, but Section 5 of Article XII clearly provides that this delegation of the taxing power can have validity only when it is by the authority of the people of the county or district affected by the tax to be imposed.

The Legislature has consistently carried out the mandate of the second sentence of Article XII, Section 5, by giving the voters of the county or district an opportunity to approve or reject the school levy before a tax of any kind was imposed upon them by a Board of Education for educational purposes. By Chapter 137, Section 39, Acts of 1863, it was provided that: "It shall be the duty of the board of education of each township of the state to submit to a meeting of the qualified voters of their township, at the regular annual township meeting, an estimate, * * * of the amount of money necessary for the purpose of prolonging the schools in the districts * * * and said meeting shall proceed to assess the amount of tax to be levied for such purpose * * *." By Chapter 45, Section 44, Acts of 1868, it was provided that the Board of Education should annually, "with the assent of the voters of the township", levy such taxes as would be sufficient to keep the schools in operation. By Chapter CXXIII, Acts of 1872, it was provided that the voters should have an opportunity to vote upon the school levy, and Section 2 of that article reads in part as follows: "* * * If a majority of the ballots given in the district shall have written or printed upon them, 'for power to levy,' it shall be construed as conferring upon the board of education the authority of the people to make the annual levies * * *." By Chapter 27, Section 20, Acts of 1908, it was provided that in every year in which the county superintendent of schools was elected, which was every four years, the people of the school district should have an opportunity to vote upon the levy. The applicable law now in effect is Code, 18-9-1, which provides for the submission of the school levy to the voters of each school district, and, if a majority of the ballots cast in such election is favorable to the levy, that the Board of Education: "* * * shall annually thereafter levy a tax on all the taxable property in its district, for the support and maintenance of the schools in the district, until such time as an election may again be held on the question of such school levy in the manner hereinbefore provided." It is provided previously in that section that

after such approval another election would not be held except upon petition of not less than forty per cent of the registered voters "in any district or independent school district." Moreover, with respect to excess levies, the approval of sixty per cent of the voters must be obtained every three years. Article X, Section 1 of the Constitution; Code, 18-9-2a, as amended; *Warden* v. *County Court*, 116 W. Va. 695, 183 S. E. 39.

It may be assumed that the people of Putnam County, in the manner provided by law, approved the general school levy, and authorized the Board of Education, subject to the limitations imposed by Section 1, Article X, of the Constitution as amended in 1932, usually referred to as the "Tax Limitation" amendment, to impose taxes upon real and personal property in that county for school purposes. However, the tax which the Legislature purported to authorize the Board of Education of Putnam County to impose by Chapter 67, Acts of the Legislature, 1957, is not a property tax, but is a privilege tax. Both the petitioners and the respondent so state in briefs and oral arguments, and this Court is of the opinion that they are correct. It is not possible that the people of Putnam County could have approved the imposition of this tax at any election heretofore held at which they approved the general school levy, or any increased levy as provided by Article X of the Constitution, as amended in 1932.

Chapter 67, Acts of the Legislature, Regular Session, 1957, does not comply with the requirement of the second sentence of Article XII, Section 5. Section 38 of Chapter 67 reads in part as follows: "Except as hereinafter provided, the board of education of any county school district shall have the authority to impose by ordinance a tax * * *." The Board of Education of Putnam County is not the people of Putnam County. Under our form of government, there is only one practical way to obtain the "authority of the people" of Putnam County, and that is by permitting them to voice their approval of such a tax

by their ballot at a special or general election, although this may not be the only valid way. This legislation contains no provision for such procedure. The bare requirement of Section 39 that a meeting be held to allow interested parties to express their views, prior to the ordinance becoming effective, in no sense constitutes "the authority of the people." Nevertheless the respondent contends that, even if all that has been said to this point is true, this act is valid since the statute levying the tax is complete as enacted by the Legislature, and, under its provisions, the only function of the Board of Education of Putnam County is to exercise its discretion to put it into execution. He cites as authority for this contention 11 Am. Jur., Constitutional Law, §214 et seq; and 16 C.J.S., Constitutional Law, §141. That is a correct statement of the law if an act "be perfect, final and decisive in all its parts" when it leaves the legislative branch of the government and the discretion which is given relates only to execution. In 4 M. J., Constitutional Law, §40, the rule is stated thus: "As a general rule, it can be stated that the legislature cannot delegate its power to legislate. But where a statute sufficiently indicates legislative purpose and has merely left administrative details to some agent, the statute is valid. However, if the legislature has undertaken to delegate legislative power the statute is invalid. * * *" There can be no room for doubt as to the category in which this legislation falls. It provides, as heretofore stated, that "the board of education of any county school district shall have the authority to impose by ordinance a tax * * *." Without an affirmative action by the Board of Education of Putnam County, there would have been no tax imposed upon the people of that county. The board understood that. The "ordinance" provided in part that: "WHEREAS, by Senate Bill No. 214, passed by the 1957 Session of the West Virginia Legislature, now in effect, said Board of Education of the County of Putnam is authorized and empowered, by ordinance, to impose a tax in accordance with rates therein, * * *." There is this further provision in the ordinance:

"THEREFORE BE IT ORDAINED BY THE BOARD OF EDUCATION OF THE COUNTY OF PUTNAM AS FOLLOWS:

"1. That there is hereby imposed a tax upon all instruments in the form of Deeds, Trust Deeds and Mortgages transferring title to real and personal property, * * *."

Clearly this act attempted to delegate to the Board of Education of Putnam County, and to the Boards of Education of the other counties of this State, the power to impose a tax. The discretion vested in the Board of Education does not relate solely to the manner of execution. No tax was or could be levied in any county until an ordinance was adopted to that effect by the Board of Education of such county. By such attempt to delegate its taxing power to the Board of Education of Putnam County, the act clearly contravenes the provisions of Article XII, Section 5 of the Constitution of this State, in that such delegation of power is not contingent upon "the authority of the people" of that county.

We are not unmindful of the well established rule that legislation is presumed not to be in conflict with the Constitution, and that every presumption is to be made in favor of the constitutionality of an act of the Legislature. This Court has repeatedly approved that principle, but there is another principle that is entitled to similar respect if the judicial branch of the government is to perform its duties under our system of government. *State ex rel. Dewey Portland Cement Company* v. *O'Brien*, 142 W. Va. 451, 96 S. E. 2d. 171. In quoting from an earlier decision of this Court, it was said in the opinion of that case: "Much respect as we have for the Legislature, a co-ordinate branch of the government, we must pay greater respect to the sovereign will of the people expressed in the Constitution, which they have adopted for their own government. And where the court sees, that the Legislature has plainly violated that instrument, it is the highest duty of the court, plainly required by the written Constitution, which it is its sworn duty to support, to pro-

nounce such act of the Legislature unconstitutional. * * *"
Many cases are cited in the opinion in the *Portland Cement
Company* case to the same effect.

The "ordinance" of the Board of Education of Putnam
County, purporting to impose a tax upon the privilege
of recording certain legal instruments in the office of the
Clerk of the County Court of that county, is void, inasmuch
as Chapter 67, Acts of the Legislature, Regular Session,
1957, purporting to delegate to the Board of Education of
Putnam County, and the Boards of Education of other
counties of this State, the power to impose by ordinance
such a tax, is invalid as being in clear contravention of
the provisions of Article V, Section 1 and Article XII, Sec-
tion 5 of the Constitution of this State. Therefore, the writ
of mandamus as prayed for by the petitioners will issue
directing the respondent, A. M. Brown, the Clerk of the
County Court of Putnam County, to admit to record the
deed of conveyance to the petitioners of a tract of land
situate in Curry District of Putnam County, upon payment
of the proper fees set forth in Chapter 59, Article 1, Section
10, of the Code, as amended.

*Writ awarded.*