STATE *ex rel.* W. W. ALEXANDER

*v.*

THE COUNTY COURT OF KANAWHA COUNTY, WEST VIRGINIA

AND S. GROVER SMITH, JR., *et al., etc.*

(No. 12213)

Submitted March 5, 1963.     Decided April 2, 1963.

*Luke W. Michael, John H. Goad,* for relator.

*Charles G. Peters,* for respondents.

*Martin C. Bowles,* amicus curiae.

BERRY, PRESIDENT:

This mandamus proceeding was instituted under the original jurisdiction of this Court by the petitioner, W. W. Alexander, Mayor of the City of Nitro, West Virginia, against the County Court of Kanawha County, West Virginia, S. Grover Smith, Jr., M. D. Robertson and J. Kemp McLaughlin, as members thereof, to compel the County Court to enter an order prepared by the petitioner and presented to said Court to the effect that the Court had counted and canvassed the votes cast at a special election held in the City of Nitro on June 19, 1962, annexing certain territory to the City of Nitro, as provided in Code, 8A-6-23, as amended, and that said County Court certify the results of said election to the Circuit Court of Kanawha County. A rule was issued by this Court returnable February 26, 1963, directing the respondents to show cause why the writ should not be awarded as prayed for by the petitioners. On the return date a petition to intervene was filed on behalf of E. D. Shahan and others as residents, citizens and taxpayers in the area sought to be annexed, praying to be made parties respondent to this proceeding. The petition to intervene

was denied by this Court, but leave was granted to their attorney, Martin C. Bowles, to file an amicus curiae brief with the Court stating the position of certain parties in connection with this proceeding, and on joint motion of the parties, the proceeding was continued until March 5, 1963, at which time an amicus curiae brief was filed and the case was submitted to the Court for decision on argument and briefs.

A stipulation of facts was filed in this case by the parties as follows:  That the City of Nitro was incorporated by the Circuit Court of Kanawha County, West Virginia, on February 20, 1932; that said City on March 2, 1948, by Charter Amendment, adopted all the provisions of Articles 4, 5 and 6 of Chapter 8A of the Code of West Virginia, as amended; that a certified copy of said proceedings amending the Charter was delivered to the Clerk of the House of Delegates and recorded in the offices of the County Clerks of Putnam and Kanawha Counties; that annexation elections were thereafter held by the City of Nitro under the provisions of Chapter 8A, Article 6 of the Code of West Virginia, as amended, and by virtue thereof, certain territories were annexed to said City in 1950, 1954 and 1958; that the City of Nitro consists of a mayor, recorder and council members, that the mayor and council members are the governing body and the City of Nitro is a Class III City, as defined by Code, 8A-1-4-(3), as amended.

The respondents filed an answer admitting that the City of Nitro held an election annexing certain territories set out in the petition; that the City of Nitro had regularly adopted provisions of Code, 8A-6-20, et seq., pertaining to said annexation and that the city officials complied with all statutory requirements in said election, but stating that certain apparent irregularities were ascertained in connection with the annexation election on June 19, 1962, and that after canvassing the votes cast in said election the respondents entered an order showing the holding of the election, the canvassing of the votes, results thereof and irregularities in connection therewith, which order was submitted to the Circuit Court in accordance with the provisions of Code, 8A-6-24,

as amended, and was rejected by said Circuit Court without entry of a formal order. The answer further states that thereafter the petitioner, the City of Nitro, presented the order referred to in the petition which did not mention the irregularities observed and contained in the order entered by the County Court, and that petitioner requested the respondents to enter said order, which was refused. The answer sets forth that at the same time the City of Nitro presented the second order, counsel for the citizens and taxpayers in the area proposed to be annexed appeared and opposed the entry of the order presented by the petitioner and urged to the respondents that they did not have jurisdiction to canvass and certify the votes cast in the annexation election because the City of Nitro had failed to comply with Code Chapter 8A, [by framing and adopting a Home Rule Charter]. Consequently, the County Court had no jurisdiction to count, canvass and certify the votes cast in the annexation election. The answer then asserted that the County Court had refused to enter the proposed order because it had no jurisdiction to determine if Nitro was or was not a Home Rule City.

The City of Nitro was incorporated in 1932 under the provisions of Chapter 8 of the Code of West Virginia. In 1936 the voters of West Virginia adopted the Home Rule Amendment to the Constitution of West Virginia, Article VI, Section 39a, relating to municipalities, which provided that no local or special laws could be passed incorporating cities, towns and villages, or amending their charters and that henceforth it should only be done by general laws. It provided that under general laws the electors for each municipal corporation with a population exceeding two thousand should have the power and authority to frame, adopt and amend the charters of such corporation or to amend an existing charter thereof; provided that any such charter or amendment thereto, and any such law or ordinance so adopted, shall be invalid and void if it is inconsistent or in conflict with the constitution or general laws of the state then in effect, or thereafter, from time to time enacted.

The legislature, in pursuance to this amendment to the Constitution of West Virginia enacted Chapter 8A of the Code. Section 10, Article 1, Chapter 8A, specifically provided that cities operating under a charter already in force upon the effective date of Chapter 8A may amend their charters by adopting Articles 4 and 5 of Chapter 8A, and that such amendments properly adopted shall entirely supersede prior charter provisions on the same subject. No provision was contained in Chapter 8A for the adoption of Article 6 dealing with annexation. The City of Nitro in 1948 was a Class III City and came within the provisions of Code, 8A-2-15 (a), which allowed the adoption of such amendment without a vote if no objections were made thereto. The provisions of this section were followed by the City of Nitro with regard to the adoption of Articles 4, 5 and 6 of Chapter 8A. As to the adoption of Articles 4 and 5 in the procedure under 15 (a) which was followed by the City of Nitro, said Articles were properly adopted and became amendments to the existing municipal charter of the City of Nitro. It was not necessary to include Article 6 in this procedure for the adoption of the amendments to the municipal charter for the City of Nitro because there was no provision contained in Chapter 8A for such adoption; and inasmuch as there was no procedure for annexation in Chapter 8 for cities with a population of over two thousand in 1948, it was held in the case of *Frazier* v. *Easley*, 121 W. Va. 230, 2 S. E. 2d 769, that Article 6 was a general law pertaining to annexation of all municipalities with a population of over two thousand whether they had adopted a Home Rule Charter under Chapter 8A, or whether they were operating under a special charter or under a charter issued by the Circuit Court under the provisions of Chapter 8. Therefore, in view of this case, we may conclude that it was unnecessary for the City of Nitro to adopt Article 6 in any manner because it was applicable at that time to all cities with populations over two thousand, regardless of the type of charter under which they were operating, and any annexation by the City of Nitro or any other municipality in the State of West Virginia using Article 6 was entirely legal and proper. However, in 1951 an amendment was made to Code, 8-2-8 which provided for

a change of boundaries of any city regardless of population. Obviously this amendment supplied a method for non-Home Rule cities to correct a situation pointed out in the *Frazier* case. The City of Nitro has never at any time framed and adopted a Home Rule Charter under the provisions of Chapter 8A of the Code. Code, 8-2-8 was again amended in 1961, which amendment was a general law applying to all municipalities incorporated other than those which had adopted a Home Rule Charter under 8A, and restricted this boundary change procedure to non-Home Rule cities. This last amendment contained the following language:

> "The provisions of this and the following section shall provide the *exclusive procedure* for effecting a change in the boundary of every city, town or village except municipalities which have adopted a home rule charter under the provisions of chapter eight-a [§ 591 (15) et seq.] of the Code: Provided, however, that any city, town or village, otherwise authorized by said chapter eight-a [§ 591 (15) et seq.] or by special charter may utilize the procedures respecting minor boundary adjustments set forth in section twenty five [§ 591 (127)], article six of said chapter eight-a." [emphasis supplied]

It is clear from the above quoted provision that cities operating under a charter granted under the provisions of Chapter 8, such as the City of Nitro, are specifically required to use the provisions of Code, 8-2-8, as amended, with regard to annexation of any territory except minor adjustments. Therefore, after the passage of the general law in 1961, relative thereto, the City of Nitro had no authority to use the annexation provisions of Chapter 8A of the Code and any such attempt and procedure thereunder would be null and void. See Code, 8A-1-10, as amended, and *State ex rel Tucker* v. *City of Wheeling,* 128 W. Va. 47, 35 S. E. 2d 681. If such City desired to annex any territory or change its boundary it was mandatory after 1961 for it to do so under the provisions of Code, 8-2-8, as amended. Municipalities have no inherent power with regard to the exercise of the functions of their government. Such power depends solely upon grants of power by Acts of the Legislature, and the Legislature may at any time modify, change or withdraw

any power so granted by general law in conformance with the provision of the constitution, Article VI, Section 39a. *Brackman's, Inc.* v. *City of Huntington*, 126 W. Va. 21, 27 S. E. 2d 71.

The answer to the question involved in this proceeding is contained in the above statements. However, it might be well to state that the County Court, under the provisions of Code, 8A-6-23, 24, as amended, was only required to count and canvass the votes cast in an election held under the annexation provisions of Chapter 8A and to certify the results of such canvass to the Circuit Court. The pleadings in the case at bar indicate that this was done by the County Court and therefore, the respondent had done all that was required of it in any event, even had Nitro had authority to follow the procedure contained in Chapter 8A. Mandamus will not issue unless there is a clear legal right thereto. 12 M. J., Mandamus, §5; *State ex rel Evans* v. *Kennedy*, 145 W. Va. 208, 115 S. E. 2d 73.

For the reason set out above, the writ prayed for will be denied.

*Writ denied.*