STATE *ex rel.* ROBERT R. SKINNER

*v.*

THE COUNTY COMMISSION OF JEFFERSON COUNTY, *et al.*

(No. 14891)

Decided July 15, 1980.

*Robert R. Skinner*, Prosecuting Attorney, *Charles Town*, for relator.

*Peter L. Chakmakian* for respondents.

MILLER, JUSTICE:

On May 29, 1980, upon the petition of the relator, Robert R. Skinner, Prosecuting Attorney of Jefferson County, we issued a rule directing the respondents[1] to show cause why they should not be compelled by writ of mandamus to act in their official capacity to authorize the reimbursement of the relator for certain expenses he incurred in the performance of his official duties.

The following facts are uncontroverted. In December of 1979, acting in his official capacity as Prosecuting Attorney of Jefferson County, the relator traveled to Charleston, West Virginia to represent the Jefferson County Board of Education in proceedings before the Circuit Court of Kanawha County. Subsequently, relator complied with all statutory requirements and requested the County Commission to reimburse him from the county general fund. The County Commission refused to authorize reimbursement.

*W.Va. Code*, 7-4-1 (1976) indicates in material part that:

> "It shall also be the duty of the prosecuting attorney ... to advise, attend to, bring, prosecute

---

[1] The respondents are all current or former members of the County Commission of Jefferson County.

or defend, as the case may be, all matters, actions, suits and proceedings in which ... any county board of education is interested."

*W.Va. Code*, 7-7-15 (1976) provides in pertinent part that when the prosecuting attorney travels within the State in the performance of his official duties that reimbursement for actual traveling expenses, if properly itemized, verified and found to be correct "... *Shall* ... be allowed by the county court and paid monthly out of the general county fund." [Emphasis supplied].

Respondents argue that because *W.Va. Code*, 18-5-13(10) authorizes a county board of education to employ counsel, the prosecutor should submit the request for reimbursement of travel expenses to the board of education. We do not agree. First, the board, in this instance, did not employ the relator; he represented them pursuant to the requirements of *W.Va. Code*, 7-4-1. The mere existence of the discretionary power to employ counsel does not legally or logically support a conclusion that the prosecuting attorney, representing the board of education as required by *W.Va. Code*, 7-4-1, must look to the board for reimbursement of expenses. *W.Va. Code*, 7-4-1 requires the prosecutor to represent the local school board as a part of his official duties. The compensation for this service is a part of his regular salary. If valid expenses are incurred in this respect they must be reimbursed by the county commission the same as any valid expense incurred in the performance of official duties. *W.Va. Code*, 7-7-15.

Thus, we hold that when a prosecuting attorney incurs statutorily authorized expenses while acting in an official capacity to perform statutorily required duties for a board of education, and when all statutory prerequisites for reimbursement have been complied with, it is the mandatory duty of the county commission to authorize reimbursement of these expenses out of the county general fund. The prosecuting attorney has a clear legal right to the reimbursement he seeks and the county commission has a nondiscretionary duty to authorize

such reimbursement. Mandamus will lie to require public officers or administrative agencies to discharge non-discretionary duties. *Consolidated Coal Co. v. Krupica*, 163 W.Va. 74, 254 S.E.2d 813 (1979); *State et rel. Goodwin v. Rogers*, ____ W.Va. ____, 217 S.E.2d 265 (1975); *State ex rel. Warde v. Gainer*, 153 W.Va. 35, 167 S.E.2d 290 (1969); *State ex rel. Greenbrier County Airport Authority v. Hanna*, 151 W.Va. 479, 153 S.E.2d 284 (1967).

For the foregoing reasons the Writ of Mandamus is hereby awarded to compel the respondent County Commissioners to act in their official capacity to authorize reimbursement to the relator for those expenses he incurred as a result of acting in his official capacity to represent the Board of Education of Jefferson County.

*Writ awarded.*